IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| CAROL GODDARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 8:24-cv-01830-LKG |
| v. ) | |
| ) | Dated: July 30, 2025 |
| THOMAS JEFFERSON UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

### I.  INTRODUCTION

In this civil action, the Plaintiff, Carol Goddard, brings employment disability discrimination claims against her former employer, Defendant Thomas Jefferson University ("TJU"), arising from the termination of her employment, pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102, the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code, State Gov't § 20-601, and the Rehabilitation Act of 1973, 29 U.S.C. § 791. *See generally* ECF No. 1. TJU has moved to dismiss the complaint for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. Rule 12(b)(2). ECF No. 21. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court: (1) **GRANTS** the Defendant's motion to dismiss for lack of personal jurisdiction (ECF No. 21) and (2) **DISMISSES** the complaint.

### II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

#### A.  Factual Background

In this civil action, the Plaintiff brings employment disability discrimination claims against TJU, arising from the termination of her employment, pursuant to the ADA, MFEPA and

---

[1] The facts recited in this memorandum opinion and order are taken from the complaint; the Defendant's motion to dismiss and memorandum in support thereof. ECF Nos. 1 and 21. Unless otherwise stated, the facts recited herein are undisputed.

the Rehabilitation Act. *See generally* ECF No. 1. Specifically, the Plaintiff asserts the following twelve claims in the complaint: (1) Disability discrimination under the ADA (Count I); (2) Disability discrimination under the Rehabilitation Act (Count II); (3) Disability discrimination under the MFEPA (Count III); (4) Failure to accommodate under the ADA (Count IV); (5) Failure to accommodate under the Rehabilitation Act (Count V); (6) Failure to accommodate under MFEPA (Count VI); (7) Hostile work environment under the ADA (Count VII); (8) Hostile work environment under the Rehabilitation Act (Count VIII); (9) Hostile work environment under the MFEPA (Count IX); (10) Retaliation in violation of the ADA (Count X); (11) Retaliation in violation of the Rehabilitation Act (Count XI); and (12) Retaliation in violation of MFEPA (Count XII). ECF No. 1. As relief, the Plaintiff seeks, among other things, to recover monetary damages, punitive damages, attorneys' fees and costs from TJU. *Id*. at Prayer or Relief.

## The Parties

The Plaintiff is a resident of Greenbelt, Maryland and she suffers from arthritis in her hips and knees, which cause mobility issues. ECF No. 1 at ¶¶ 3 and 12.

Defendant TJU is an educational institution that is incorporated in the Commonwealth of Pennsylvania, with its principal place of business located in Philadelphia, Pennsylvania. *Id.* at ¶ 4; ECF No. 21-3 at ¶ 5.

## The Plaintiff's Employment At TJU

As background, from March 2022 to February 2023, TJU employed the Plaintiff as remote project manager/planner. *Id.* at ¶¶ 14, 17 and 50. The Plaintiff's job responsibilities involved planning and implementing accreditation conferences and events. *Id.* at ¶ 18. During her employment with TJU, the Plaintiff worked remotely and she typically performed her work duties from her home in Maryland. *Id*. at ¶¶ 12 and 14.

The Plaintiff alleges that, in 2022, her supervisor, Dr. Annette Donawa threatened her position with TJU and communicated certain concerns regarding the Plaintiff's ability to complete her job responsibilities. *Id.* at ¶¶ 20 and 22. Specifically, the Plaintiff alleges that Dr. Donawa informed her that the Plaintiff's job description position required the physical ability to lift or carry fifty pounds. *Id.* at ¶ 23. The Plaintiff also alleges that Dr. Donawa subsequently instructed other TJU employees to watch her for underperformance. *Id.* at ¶ 27.

In this regard, the Plaintiff alleges that Dr. Donawa informed her that her performance was not to her satisfaction. *Id.* at ¶ 31. And so, the Plaintiff alleges that Dr. Donawa placed her on a performance improvement plan ("PIP") on November 16, 2022. *Id.* at ¶¶ 33 and 34.

Sometime thereafter, the Plaintiff submitted a request for a reasonable accommodation to TJU, seeking for periods of sitting and the use of a cart to move items. *Id.* at ¶ 29. On December 21, 2022, TJU responded to the Plaintiff's reasonable accommodation request and requested that the Plaintiff submit proof of her disability. *Id.* at ¶ 30.

The Plaintiff alleges that, in January 2023, Dr. Donawa announced a new directive which required that TJU employees to report to the office at least twice per week. *Id.* at ¶ 40. Given this, the Plaintiff began commuting to the TJU campus twice a week in 2023. *Id.* at ¶ 42. The Plaintiff also amended her reasonable accommodation request to include remote work and a letter from her doctor confirming the pain she experienced along with the doctor's recommendation she work remotely. *Id.* at ¶¶ 44-45.

The Plaintiff also alleges that, in February 2023, she learned that her employer did not believe that she had improved her work performance during a meeting with Dr. Donawa and TJU's Human Resources Department. *Id.* Given this, TJU sent the Plaintiff a letter notifying her of the termination of her employment on February 23, 2023. *Id.* at ¶ 50. And so, TJU terminated the Plaintiff's employment on February 23, 2023. *Id.*

**B. Procedural History**

The Plaintiffs commenced this matter on June 25, 2024. ECF No. 1. On November 14, 2024, the Defendants filed a motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(2). ECF No. 21.

On December 5, 2024, the Plaintiff filed a response in opposition to the Defendants' motion. ECF No. 22. On December 13, 2024, the Defendant filed a reply brief. ECF No. 23.

The Defendant's motion to dismiss having been fully briefed, the Court resolves the pending motion.

### III.  LEGAL STANDARDS

#### A.  Fed. R. Civ. P. 12(b)(2)

A motion to dismiss for lack of personal jurisdiction brought pursuant to Fed. R. Civ. P. 12(b)(2) "raises an issue for the [C]ourt to resolve, generally as a preliminary matter." *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016).  The burden is "on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).  To do so, a plaintiff need only make "a *prima facie* showing of personal jurisdiction to survive the jurisdictional challenge." *Grayson*, 816 F.3d at 268.  When deciding a motion brought pursuant to Fed. R. Civ. P. 12(b)(2), the Court may "rule solely on the basis of motion papers, supporting legal memoranda, affidavits, and the allegations in the complaint." *State v. Exxon Mobil Corp.*, 406 F. Supp. 3d 420, 437 (D. Md. 2019) (citations omitted).  And so, the Court must consider all disputed facts and make reasonable inferences in favor of the plaintiff in determining whether the plaintiff has made the requisite showing that the Court possesses personal jurisdiction over a defendant.  *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003).

### IV.  ANALYSIS

TJU has moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(2), upon the grounds of lack of personal jurisdiction.  ECF Nos. 21 and 21-1.  In this regard, TJU argues that the Court lacks both general and specific personal jurisdiction over it, because TJU has no locations in the State of Maryland and the school has not purposefully availed itself of the privilege of conducting activities in Maryland.  *Id.* at 7-8.  And so, TJU request that the Court dismiss the complaint for lack of personal jurisdiction.  *Id*. at 8.

In her response in opposition to TJU's motion, the Plaintiff appears to acknowledge that the Court lacks general personal jurisdiction over TJU.  ECF No. 22 at n.1.  But, the Plaintiff, argues that the Court may exercise specific personal jurisdiction over TJU, because TJU has purposely availed itself of the privilege of conducting activities in Maryland.  *Id.* at 3-6.  And so, the Plaintiff requests that the Court deny TJU's motion.  *Id.* at 7.

For the reasons that follow, a careful reading of the complaint makes clear that the Plaintiff has not met her burden to show that the Court possesses personal jurisdiction over TJU.

4

And so, the Court: (1) GRANTS the Defendant's motion to dismiss and (2) DISMISSES the complaint. Fed. R. Civ. P. 12(b)(2).

### A. The Plaintiff Fails To Establish Personal Jurisdiction.

The Plaintiff appears to concede that the Court lacks general personal jurisdiction over TJU. ECF No. 22 at n.1. And so, the Court begins its analysis of TJU's motion to dismiss by considering whether the Court possesses specific personal jurisdiction over TJU.

To establish specific personal jurisdiction over TJU in this case, the Plaintiff must show that TJU "purposefully established minimum contacts in the forum State" such "that [it] should reasonably anticipate being haled into court there." *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 189 (4th Cir. 2016) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). And so, the Court "examine[s] (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Mitrano v. Hawes*, 377 F.3d 402, 407 (4th Cir. 2004).

In this case, the factual allegations in the complaint are not sufficient to establish that TJU personally availed itself of the privilege of conducting business in the State of Maryland for several reasons. First, there is no dispute that TJU is incorporated in the Commonwealth of Pennsylvania and that TJU has its principal place of business in Philadelphia, Pennsylvania. ECF No. 21-3 at ¶ 5. It is also undisputed that TJU has no locations in the State of Maryland. ECF No. 1 at ¶ 4; ECF No. 21-1 at 1. Given this, the undisputed facts show that TJU does not conduct business in Maryland.

Second, to the extent that TJU recruits students from the State of Maryland, it is well-established that such contacts with the State are not sufficient to establish specific personal jurisdiction in this case. *Hardnett v. Duquesne Univ.*, 897 F. Supp. 920, 924 (D. Md. 1995). And so, the Plaintiff may not rely upon this fact to establish specific personal jurisdiction.

Lastly, the fact that TJU allowed the Plaintiff (and other employees) to work remotely from Maryland, and provided computer equipment to its remote employees, is also not sufficient to show that TJU purposefully availed itself of the privilege of conducting business in

Maryland.² *See Perry v. Nat'l Ass'n of Home Builders of U. S.*, No. TDC-20-0454, 2020 WL 5759766, at *4 (D. Md. Sept. 20, 2020); *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417 (1984). And so, the Court agrees with TJU that the school's knowledge of the fact that the Plaintiff resides in Maryland, and that she conducts some of her work remotely from Maryland, is also not sufficient to establish specific personal jurisdiction in this case.

For each of these reasons, the Plaintiff has not met her burden to establish personal jurisdiction over TJU in this case. And so, the Court must GRANT TJU's motion to dismiss and DISMISS the complaint. Fed. R. Civ. P. 12(b)(2).

## V. CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Defendant's motion to dismiss for lack of personal jurisdiction (ECF No. 17); and

(2) **DISMISSES** the complaint.

**IT IS SO ORDERED.**

                                           s/Lydia Kay Griggsby
                                           LYDIA KAY GRIGGSBY
                                           United States District Judge

---

² The Court also observes that the Plaintiff does not allege in the complaint that she was hired by TJU because she lived in Maryland. ECF No. 23 at 4; *Consulting Eng'rs Corp.v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009). Given this, the complaint makes clear that TJU did not required that the Plaintiff work from Maryland. ECF No. 1 at ¶¶ 12 and 16; s*ee also Fields v. Sickle Cell Disease Ass'n of Am., Inc.*, 373 F. Supp. 3d 647, 652 (E.D.N.C 2018).